IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-LDP3<br><br>Plaintiff,<br><br>v.<br><br>WOODHURST, L.L.C.,<br><br>And,<br><br>CINDEX, LLC,<br><br>Defendants. | CASE NO. 1:16-CV-00321<br><br>Judge Timothy S. Black |

**ORDER OF CONFIRMATION OF SALE AND DISTRIBUTION**

This action is before the Court upon the Receiver's Sale Notice filed with the Court on September 29, 2016, with respect to the real property commonly known as Maineville Crossing Shopping Center, located at SEQ US 22 and SR 48 Maineville, Ohio 45039 (the "Mortgaged Premises"), as more fully described on **Exhibit A**, hereto, together with the additional property, interests and things, granted by Woodhurst, L.L.C., and Cindex, LLC, (the "Defendants"), as more fully described in the Mortgage and Security Agreement (the "Mortgage") foreclosed upon in the action, (collectively with the Mortgaged Premises, the "Mortgaged Property");

1. On November 18, 2016, the Mortgaged Property was sold at public foreclosure sale pursuant to 28 U.S.C. Section 2001, et. seq., by NAI Bergman, the Court Appointed Receiver (the "Receiver"), to Plaintiff Wells Fargo Bank, N.A., as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage

1

Pass-Through Certificates, Series 2005-LDP3, ("Plaintiff") acting by and through C-III Asset Management, LLC, its Special Servicer, for the following amount: a credit bid by Plaintiff against its Judgment, in the credit bid amount of $3,800,000.

2. The Receiver was authorized to sell the Mortgaged Property pursuant to 28 U.S.C. § 2001, et seq., by the September 2, 2016 Consent Order Appointing Receiver entered by the Court (the "Receivership Order").

3. Having examined the proceedings, the Court finds that the sale of the Mortgaged Property conformed in all respects to the law and the Receivership Order of this Court, and hereby confirms and approves the sale of the Mortgaged Property and these proceedings.

4. The Receiver, within 5 days of the date of this entry, shall convey the Mortgaged Property to Plaintiff by deed, bill of sale, and any other conveyance document deemed necessary by the Receiver, free and clear of all liens and encumbrances, and shall issue the deed, bill of sale, and any other such conveyance documents, in the name of the following grantee: Wells Fargo Bank, N.A., as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-LDP3, or its nominee or assignee.

5. The tax mailing address of the purchaser of the Mortgaged Property is as follows: Wells Fargo Bank, N.A., as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-LDP3, c/o C-III Asset Management, LLC, 5221 N. O'Connor Blvd, Suite 600. Irving, TX 75039, attention Special Servicing.

6. The prior deed reference with respect to the Mortgaged Property is recorded with the Warren County Recorder's Office in Book 3918, Page 91.

8. In the event the successful bidder to whom the Mortgaged Property has been conveyed by deed is denied possession of the Mortgaged Property, the successful bidder may apply for a Writ of Possession.

9. Because Plaintiff holds a valid and subsisting mortgage on the Mortgaged Property, it need not pay the full amount of the purchase price to the Receiver. Instead, the full amount of the credit bid of Plaintiff shall be credited against the amount of the judgment previously entered in its favor. The following amount shall be applied as a credit toward the amount of the judgment previously entered in favor of the Plaintiff: $3,800,000, without prejudice, to any rights Plaintiff has in connection with any deficiency or other claims, under the Loan Documents at issue in this action.

10. Upon execution and delivery of the deed to the Purchaser, the receivership commenced by this Court's Receivership Order of September 2, 2016 shall terminate. Not later than forty-five (45) days thereafter, the Receiver shall file its final report with the Court.

**IT IS SO ORDERED.**

_____
TIMOTHY S. BLACK, JUDGE
UNITED STATES DISTRICT COURT

Submitted by,

DINSMORE & SHOHL LLP

By: _s/Joseph C. Krella_
Joseph C. Krella, Esquire (0083527)
Fifth Third Center
1 S. Main St., Suite 1300
Dayton, OH 45402
T: (937)463-4926; F: (937)449-6405
joe.krella@dinsmore.com
*Attorney for Plaintiff*

3